UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

                                              **MEMORANDUM AND ORDER**

In re CRUDE OIL COMMODITY
LITIGATION                          Master File 06 Civ. 6677
                                                  (NRB)


----------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiffs Richard Hershey, Michael Anastasio, Peter C. Fede, Fred Dray, Max Wulff, and Roberto Calle Gracey (collectively, "plaintiffs") brought this case on behalf of themselves and all others who purchased and/or sold light, sweet crude oil futures and options contracts on the New York Mercantile Exchange ("NYMEX"), alleging that BP America, Inc., BP Products North America, Inc., BP Corporation North America, Inc., and defendants John Does 1-10 (collectively "defendants") acted to unlawfully manipulate the prices of light, sweet crude oil futures and options contracts traded on the NYMEX during the putative class period, starting on January 1, 2001 and continuing until a date unknown by the plaintiffs but believed to extend at least until December 31, 2004, in contravention of the Commodity Exchange Act ("CEA"), as amended, 7 U.S.C. § 1 et seq.  Defendants moved to dismiss the complaint pursuant to Rule

12(b)(6) on the ground that the complaint failed to meet the pleading requirements of Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure.  On June 28, 2007, we issued a Memorandum and Order ("Opinion") granting defendants' motion and dismissing the case in its entirety.  In re Crude Oil Commodity Litigation, No. 06 Civ. 6677 (NRB), 2007 WL 1946553 (S.D.N.Y. June 28, 2007).  Plaintiffs have now moved for:  (1) reconsideration of our Opinion dismissing the case pursuant to Local Civil Rule 6.3; (2) the alteration or amendment of the Order and Judgment dated June 29, 2007 to provide that the dismissal be without prejudice, pursuant to Fed. R. Civ. P. 59(e); and (3) leave to file an amended complaint within 60 days from the date of the Order and Judgment, pursuant to Fed. R. Civ. P. 15(a).  For the reasons set forth below, plaintiffs' motions are denied.

<u>**BACKGROUND**</u>

We believe that a brief review of the procedural history of this case is necessary to contextualize plaintiffs' motions and to demonstrate the numerous previous opportunities plaintiffs were accorded to remedy the conclusory nature of their complaint and/or to request permission to do so.

First, at the outset, it should be noted the complaint which was the subject of the Opinion was a Consolidated Amended Complaint (sometimes referred to as the "Complaint") filed after

this Court signed an order on October 16, 2006, consolidating five separately filed cases[1] and granting the plaintiffs 60 days to file a consolidated complaint. On December 26, 2006, plaintiffs, represented by three well-recognized and experienced class action law firms as interim class counsel, filed the 27 page Consolidated Amended Complaint, which was not only twice the length of the previously submitted complaints, but was also substantively different than the original complaints in that it contained additional theories of how defendants purportedly worked to manipulate the market of crude oil in violation of the CEA.

The second opportunity plaintiffs had to amend was afforded to them on February 14, 2007, when pursuant to this Court's individual practices, defendants wrote to this Court stating their intention to file a motion to dismiss pursuant to Rule 12(b)(6). The three page letter explained that the basis for the proposed motion was that Rule 9(b) should apply to plaintiffs' CEA claim, since the actions allegedly taken in furtherance of defendants' market manipulation scheme sounded in fraud, and that the conclusory nature of the Consolidated Amended Complaint not only failed to satisfy the heightened pleading standard of Rule 9(b), but also the notice pleading

---

[1] We note that one of the complaints in the individual cases had been amended prior to consolidation.

standard of Rule 8(a).   Thus, receipt of this letter by plaintiffs put them on notice of the grounds for defendants' intended motion to dismiss.   Plaintiffs chose to respond to this letter by asserting that defendants' proposed motion was without merit and without requesting leave to amend their Consolidated Amended Complaint.

Defendants served their motion on February 16, 2007, the substance of which mirrored the letter they had previously submitted.   Plaintiffs could have responded to the motion by filing an amended complaint, but chose not to do so.   Instead, in footnote 27 of their opposition brief, plaintiffs simply noted that "[i]n the event that this Court concludes the Complaint's allegations are inadequate, Plaintiffs request leave to amend."   See Plaintiff's Memorandum of Law in Opposition ("Pl. Mem. Opp.") at 24 n.27.

Given plaintiffs' decision to rest on the Consolidated Amended Complaint, we considered the motion to dismiss and on June 28, 2007, we issued our 23 page Opinion.   We concluded that plaintiffs' Consolidated Amended Complaint was "replete with innuendo and devoid of detail," In re Crude Oil Commodity Litigation, 2007 WL 1946553 at *7, and that in light of In re Natural Gas Commodity Litigation, 358 F.Supp.2d 336, 343 (S.D.N.Y. 2005), which applied Rule 9(b) to claims of market manipulation under the CEA, the Consolidated Amended Complaint

should be dismissed for failure to fulfill the pleading requirements of Rule 9(b).[2]

As noted earlier, on July 16, 2007, plaintiffs moved for: (1) reconsideration of the Opinion dismissing the action with prejudice pursuant to Local Civil Rule 6.3; (2) alteration or amendment of the Order and Judgment dated June 29, 2007 to provide that the dismissal be without prejudice, pursuant to Rule 59(e); and (3) for leave to file an amended complaint pursuant to Rule 15(a).[3]   Curiously, neither the moving memorandum nor the reply memorandum mention any substantive basis on the merits for reconsideration of our decision to dismiss the complaint, nor any substantive law overlooked by this Court in coming to its decision.   Instead, in a footnote, plaintiffs state that "[i]n moving for reconsideration of the Order on the grounds that the action should not have been dismissed with prejudice and that Plaintiffs should have been granted leave to amend the Complaint . . . Plaintiffs do not

---

[2]   We note that In re Natural Gas Commodity Litigation, cited by both plaintiffs and defendants in their papers, is the authority from this Circuit which considered the issue of whether Rule 9(b) should apply to claims of market manipulation under the CEA.

[3]   The tripartite motion recognizes existing Second Circuit precedent which requires that following the entry of judgment dismissing a complaint, relief therefrom must be sought under Rule 59 before leave to amend may be granted (National Petrochemical Co. v. M/T Stolt, 930 F.2d 240, 244 (2d Cir. 1991)) and that the right to amend provided for in Rule 15(a) terminates after a motion to dismiss is granted.   Elfenbein v. Gulf & Western Indus. Inc., 590 F/2d 445, 448 n.1 (2d Cir. 1978).

waive, and hereby preserve, arguments which Plaintiffs believe are more appropriate for resolution after the Court renders its decision on the relief requested herein." Plaintiff's Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration at 2 n.1. Plaintiffs then recite three arguments they appear to wish to preserve, all of which were considered in our previous Opinion.

In their papers, plaintiffs cite to various lines of authority which are not wholly reconcilable. However, this is not the occasion to engage in that reconciliation effort as the procedural history of this case is readily distinguishable from the cases cited to us. Instead, we shall turn to the specifics of the motion before us.

**1.     Motion for Reconsideration and/or Alteration or Amendment of Order**

A motion for reconsideration pursuant to Local Rule 6.3 is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," In re Initial Public Offering Sec. Litig., 399 F.Supp.2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation marks omitted), aff'd sub nom Tenney v. Credit Suisse First Boston Corp., Inc., 2006 WL 1423785 (2d Cir. May 19, 2006), and appropriate only when a court overlooks "controlling decisions or factual matters that were put before it on the

underlying motion" and which, if examined, might reasonably have led to a different result.  Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000).  Moreover, a motion for reconsideration should not be treated as a "second bite of at the apple" for a party dissatisfied with a court's ruling.  Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).  Similarly, it is not appropriate to use a motion for reconsideration as a vehicle to advance new theories a party failed to articulate in arguing the underlying motion.  See Griffin Ins., Inc. v. Petrojam, Ltd., 72 F.Supp.2d 365, 368 (S.D.N.Y. 1999).  We read the total absence of any substantive argument in plaintiffs' submissions addressed to the merits of our dismissal of the Consolidated Amended Complaint as indicating that plaintiffs seek reconsideration of our decision only with regard to the dismissal with prejudice. Whether this is an acknowledgement of the weakness of plaintiffs' arguments on their merits or an effort to preserve any substantive arguments for appeal is not an issue we need to resolve.

We deny plaintiffs' request for reconsideration of our decision to dismiss with prejudice because plaintiffs have failed to provide us with a cogent reason to do so.  It should be clear at the outset that the decision to dismiss with prejudice was a deliberate one, made with an awareness of the multiple opportunities presented to and spurned by plaintiffs to

amend their complaint in lieu of opposing the substance of the motion.   Moreover, plaintiffs failed in their original briefing to properly present the issue now raised.   Plaintiffs' purported request for leave to amend was contained within a footnote in their opposition brief.   Arguments which appear in footnotes are generally deemed to have been waived.   Cf. City of Syracuse v. Onondaga County, 464 F.3d 297, 308 (2d Cir. 2006) (quoting Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998)). Accordingly, "[i]t is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss."   In re Tamoxifen Citrate Antitrust Litigation, 429 F.3d 370, 404 (2d Cir. 2005), opinion amended and superceded by 466 F.3d 187 (2d Cir. 2006) (finding no abuse of discretion in district court's effective denial of plaintiffs' request to amend "which appeared in a footnote in the middle of the brief opposing the defendants' motion to dismiss").   Thus, in light of the failure of plaintiffs to request leave to amend in a procedurally sound manner, our dismissal with prejudice did not overlook any controlling authority.   Shields v. Citytrust Bancorp, 25 F.3d 1124, 1132 (2d Cir. 1994) ("Although federal courts are inclined to grant leave to amend following a dismissal order, we do not deem it an abuse

of the district court's discretion to order a case closed when leave to amend has not been sought.").

### 2.   Leave to Amend

To the extent that plaintiff's application for leave to file an amended complaint is considered timely, it is denied on the merits.   Although we are well aware of the fact that generally, leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and that "[c]omplaints dismissed under Rule 9(b) are almost always dismissed with leave to amend," Luce v. Edelstein, 802 F.2d 49, 56 (2d Cir. 1986), we note that Rule 15(a) is not without limits.   Specifically in this context the Second Circuit has observed:   "Unless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint." National Petrochemical Co. v. M/T Stolt, 930 F.2d 240, 245 (2d Cir. 1991).   More generally, denial of leave to amend is appropriate where there is a reason to do so, such as bad faith or dilatory motive, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.   Dluhos v. Floating and Abandoned Vessel, Known as New York, 162 F.3d 63, 69 (2d Cir. 1998) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Plaintiffs' request for leave to amend is flawed. Plaintiffs have failed to provide this Court or defendants with

a copy of the proposed amended complaint, nor even with any indication as to what information or allegations they would add to their complaint were leave to amend granted. Indeed, plaintiffs even argue that they are not obligated to do so. See Plaintiffs' Reply Memorandum of Law at 5. However, Rule 7(b) requires that all motions "state with particularity the grounds therefore, and shall set forth the relief or order sought." Fed. R. Civ. P. 7(b)(1). In the context of a motion to amend, Rule 7(b) accordingly requires the movant to supply a copy of the proposed amendment. See Bankruptcy Trust of Gerard Sillam v. REFCO Group, LLC, No. 05 Civ. 10072 (GEL), 2006 WL 2129786, at *5 (S.D.N.Y. July 28, 2006); Smith v. Planas, 151 F.R.D. 547, 550 (S.D.N.Y. 1993) ("In order to satisfy a prerequisite of particularity in a motion to amend, a complete copy of the proposed amended complaint must accompany the motion so that both the Court and the opposing parties can understand the exact changes sought."). Absent the opportunity to review plaintiffs' proposed amended complaint, or any more informal suggestion of allegations plaintiffs wish to amend, "this Court is forced to rule on a hypothetical amended complaint neither the Court nor defendants have seen," REFCO Group, 2006 WL 2129786 at *5 (internal citation and quotation marks omitted), something we are loathe to do. Where plaintiffs fail to disclose what additional allegations they would make which might result in a

viable complaint to be, we may assume amendment would be futile and need not grant leave to amend.  See, e.g., Horoshko v. Citibank, N.A., 373 F.3d 248, 249 (2d Cir. 2004) ("Because an amendment is not warranted '[a]bsent some indication as to what appellants might add to their complaint in order to make it viable,' the District Court was under no obligation to provide the Horoshkos with leave to amend their complaint . . . .") (quoting National Union of Hospital and Health Care Emp., RWDSU, AFL-CIO v. Carey, 557 F.2d 278, 282 (2d Cir. 1977)); In re WorldCom, Inc. Securities Litigation, 303 F.Supp.2d 385, 391 (S.D.N.Y. 2004) ("The plaintiffs have not included any proposed amended pleading or indicated what they might allege to cure the deficiency identified in the motion to dismiss.  The plaintiffs have already been permitted to file one amended pleading through the filing of this Consolidated Amended Class Action Complaint. In the absence of any identification of how a further amendment would improve upon the Complaint, leave to amend must be denied as futile."); Shields, 25 F.3d at 1132 (affirming denial of leave to amend in a situation where "[i]t is not clear that the failure of pleading could be remedied by further amendment, nor has [plaintiff] suggested how that could be done").

The application of this approach is particularly apt here given the procedural history of this case, which provided plaintiffs with numerous opportunities to amend as well as full

notice of the deficiencies in their Consolidated Amended Complaint. "When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactly." State Trading Corp. of India v. Assuranceforeningen Skuld, 921 F.2d, 409, 418 (2d Cir. 1990). Allowing plaintiffs leave to amend now would be condoning a strategy whereby plaintiffs "hedge their bets by holding such evidence back in the hopes of having another bite at the proverbial apple." In re Nokia Oyj (Nokia Corp.) Securities Litigation, 423 F.Supp.2d 364, 409 (S.D.N.Y. 2006) (denying leave to amend a consolidated amended complaint where "plaintiffs' first allusion to potentially amending . . . prior to the dismissal of the action was through footnotes in their opposition brief") (internal citation omitted). Finding acceptable a mere footnote reference requesting leave, or a motion for leave to amend with neither a proposed pleading nor even a hint of the facts plaintiffs could plead to cure the deficiencies of the complaint, is to place district courts in the position of writing advisory opinions -- a result we endeavor to avoid by having defendants explain their proposed motion in advance and affording a plaintiff the choice of standing on his pleading or curing the noted deficiencies.[4] See

---

[4] An instructive analogy may be found in the Second Circuit's

Bellikoff v. Goldfarb et al., --- F.3d ----, No. 05-6957-CV (2d Cir. Mar. 15, 2007) ("plaintiffs 'were not entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies'") (quoting In re Eaton Vance Mut. Funds Litig., 403 F.Supp.2d 310, 318 (S.D.N.Y. 2005) (citation omitted)).   Accordingly, we find without merit plaintiffs' attempt to now rectify the deficiencies of their dismissed Consolidated Amended Complaint, when they had many months before its dismissal to adequately do so.[5]


## CONCLUSION

For the reasons set forth above, we deny plaintiffs' motions.

---

recent decision in Kassner v. 2d Avenue Delicatessen, --- F.3d ----, No. 05-4237-CV, 2007 WL 2119769 (2d Cir. July 24, 2007) where the Court held "that amendment of a pleading as a matter of course pursuant to Rule 15(a) is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b)", which permits modification only "upon showing of good cause."

[5] As noted, plaintiffs also moved pursuant to Fed. R. Civ. P. 59(e) to alter or amend the judgment to provide that the dismissal be without prejudice.   We recognize as mentioned in footnote 3 that resort to Rule 59(e) is required since a judgment was entered. However, while 59(e) provides the procedural mechanism the other aspects of plaintiffs' motion raise the substantive issues.   The denial of this aspect of plaintiffs' motion follows from our denials of their motions for reconsideration or leave to amend.

**IT IS SO ORDERED.**

Dated:     New York, New York
           August 24, 2007

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

14

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

Counsel for Plaintiffs

Geoffrey M. Horn, Esq.
Vincent Briganti, Esq.
Lowey Dannenberg Bemporad Selinger & Cohen, P.C.
The Gateway - 11th Floor
1 North Broadway, 5th Floor
White Plains, NY 10601-2310

Counsel for Defendants

Leslie Smith, Esq.
Bredale Rucker, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Peter D. Doyle, Esq.
Kirkland & Ellis LLP
153 East 53rd Street
New York, NY 10022-4611

15